**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 13, 2005**

**TENTH CIRCUIT**

WOODIE MACK ASHFIELD,

    Plaintiff-Appellant,

v.

CASPER CACCIATORE, Detective,
Pueblo Police Department; J. E.
TRUJILLO, Sergeant, Pueblo Police
Department; RUBEN ARCHULETA,
Captain, Pueblo Police Department;
DOUGLAS K. WILSON, Attorney;
PUEBLO COUNTY DISTRICT
ATTORNEY OFFICE; COLORADO
DEPARTMENT OF CORRECTIONS;
STATE OF COLORADO; PUEBLO
POLICE DEPARTMENT,

    Defendants-Appellees.

No. 05-1152
(D.C. No. 04-Z-2407)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Woodie Mack Ashfield is a *pro se* prisoner appealing the district court's dismissal of this action seeking monetary damages pursuant to 42 U.S.C § 1983. We liberally construe Mr. Ashfield's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and affirm.

Mr. Ashfield commenced this action against various police officers, district attorneys, and state agencies, alleging they violated his civil rights during their participation in his arrest, conviction, and sentencing. Specifically, he claims his Fifth Amendment right to be free from self incrimination, his Sixth Amendment right to counsel, and his Fourteenth Amendment right to due process were violated by outrageous and unlawful police and prosecutorial conduct. He asks for ten million dollars in damages for these alleged constitutional violations. The district court instructed Mr. Ashfield to show his conviction had been declared invalid, but he failed to address the invalidation issue. Consequently, the district court dismissed his amended complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and denied his petition for reconsideration.

In *Heck*, the Supreme Court held

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

*Id*. at 486-87.  Although Mr. Ashfield contends he is not seeking invalidation of his sentence but only compensatory damages, the question is whether "a judgment in favor of the plaintiff would *necessarily imply* the invalidation of his conviction or sentence."  *Id*. at 487 (emphasis added).  If Mr. Ashfield succeeds on his constitutional claims, it would "necessarily imply" his arrest, conviction, and sentence are invalid.  If an inmate is challenging the "*fact* or *duration* of confinement," habeas corpus is the only available avenue.  *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  Mr. Ashfield does not allege his conviction has been declared invalid and, consequently, an action under § 1983 is not cognizable.

We therefore **AFFIRM** the district court's decision and **GRANT** Mr. Ashfield's request to proceed without prepayment of the appellate filing fees.  We remind Mr. Ashfield that he is obligated to continue making payments until the entire fee has been paid.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-3-